# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

THE LOUISIANA DEPARTMENT OF
WILDLIFE AND FISHERIES, ON
ITS OWN BEHALF AND ON BEHALF
OF THE LOUISIANA WILDLIFE
AND FISHERIES COMMISSION;
AND STATE OF LOUISIANA EX
REL. LOUISIANA  DEPARTMENT
OF WILDLIFE AND FISHERIES

VERSUS

TENNESSEE GAS PIPELINE CO.,
L.L.C.; GULF SOUTH PIPELINE
CO., LLC; CHEVRON U.S.A.
INC.; CHEVRON U.S.A.
HOLDINGS, INC.; DISCOVERY
GAS TRANSMISSION, LLC;
SOUTHERN NATURAL GAS
COMPANY, L.L.C.; THIRD COAST
MONTEGUT, LLC; AND TEXAS
EASTERN TRANSMISSION, LP

**SEPTEMBER 23, 2024**

---

In Re:    Gulf  South  Pipeline  Company,  LLC,  BBT  Louisiana
          Intrastate, LLC, Chevron Midstream Pipelines, LLC and
          Chevron   U.S.A.   Holdings,   Inc.,   Discovery   Gas
          Transmission, LLC, Discovery Producer Services, LLC, and
          DCP Operating Company, LP, Kinetica Energy Express, LLC,
          Southern Natural Gas Company, L.L.C. and Tennessee Gas
          Pipeline Company, L.L.C., Third Coast Montegut, LLC,
          Texas Eastern Transmission, LP, applying for supervisory
          writs,  17th  Judicial  District  Court,  Parish  of
          Lafourche, No. 145860.

---

**BEFORE:    THERIOT, CHUTZ, AND HESTER, JJ.**

    **WRIT GRANTED IN PART WITH ORDER AND DENIED IN PART.**  The
portion of the district court's May 27, 2024 judgment overruling
the dilatory exception of lack of procedural capacity and the
peremptory exception of no right of action are reversed.  While
the petition alleges the Department of Wildlife and Fisheries has
the attorney general's permission, La. R.S. 49:257(A) provides
that "the attorney general *shall represent* the *state* and *all
departments* and *agencies* of state government in all litigation
arising out of or involving tort or contract." (Emphasis added.)
See La. Code Civ. P. art. 931.  Moreover, Louisiana Code of Civil
Procedure  Article  700  provides  that  when  a  plaintiff's
qualification to sue as a legal representative is challenged via
dilatory exception, the "plaintiff shall prove his authority or
qualification on the trial of the exception."  Additionally,
Louisiana Code of Civil Procedure Article 855 states that the
capacity of a party to sue in a representative capacity is presumed
unless challenged via dilatory exception.  Plaintiff failed to
meet its burden of proving its authority to act on behalf of the
State of Louisiana and the Louisiana Wildlife and Fisheries
Commission  and  to  act  without  the  attorney  general's
representation.  Accordingly, the dilatory exception of lack of
procedural capacity and the peremptory exception of no right of

action are granted. This matter is remanded to the district court with instructions to allow the Louisiana Department of Wildlife and Fisheries an opportunity to amend its petition, if it can, to remove the grounds of the objection. La. Code Civ. P. arts. 933 and 934. In all other respects, the writ application is denied.

**MRT**
**WRC**
**CHH**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT